UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL LABOR RELATIONS BOARD,

    Applicant,

Case No. 14-CV-11087

v.

HON. MARK A. GOLDSMITH

CENTER CONSTRUCTION COMPANY, et al.,

    Respondents.
_____/

**ORDER (1) GRANTING APPLICANT'S MOTION TO WITHDRAW ITS OBJECTIONS, (2) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED OCTOBER 31, 2013 (Dkt. 52), and (3) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISGTRATE JUDGE'S REPORT AND RECOMMENDATION DATED FEBRUARY 21, 2014 (DKT. 56)**

This matter is presently before the Court on the Report and Recommendations (R&Rs) of Magistrate Judge Michael J. Hluchaniuk, issued on October 31, 2013 (Dkt 52) and February 21, 2014 (Dkt. 56). In the first R&R, the Magistrate Judge recommends granting in part and denying in part Applicant's motion for contempt (Dkt. 27). Applicant initially objected to the first R&R (Dkt. 54) and Respondent Home Service Center, LLC ("HSC") filed a response (Dkt. 55). The Magistrate Judge then issued the second R&R (Dkt. 56), where he recommends that Respondent HSC is not the alter ego of Respondent Center Construction Company, Inc. ("CCC"), a central issue in Respondent HSC's motion to vacate the protective restraining order (Dkt. 8).

After the time for objections to the second R&R had run, see Fed. R. Civ. P. 72(b)(2), Applicant then filed a motion, wherein it stated that it did not intend to object to the second R&R and wished to withdraw its objections to the first R&R (Dkt. 57). In light of Applicant's representations, the Court grants Applicant's motion to withdraw its objections. (Dkt. 57).

Without objections, the Court notes that it is well-established that the failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&Rs for clear error. On the face of the record, the Court finds no clear error and adopts the recommendations.

Accordingly, the Court grants in part and denies in part Applicant's motion for contempt (Dkt. 27) as set forth in the first R&R. The Court also grants Respondent HSC's motion to vacate the protective restraining order (Dkt. 8) to the extent the motion argues that HSC is not the alter ego of CCC.[1]

---

[1] HSC's motion also sought to vacate a writ of garnishment. The parties, however, stipulated to vacating the writ of garnishment, see 11/15/12 Stipulation (Dkt. 16); 11/15/12 Order (Dkt. 15), thereby mooting part of the motion.

SO ORDERED.

Dated: March 13, 2014  s/Mark A. Goldsmith
      Flint, Michigan  MARK A. GOLDSMITH
        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2014.

      s/Deborah J. Goltz
      DEBORAH J. GOLTZ
      Case Manager